Brian H. Kim  (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA PHAN, | Case No.: 5:15-cv-5644 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Defendant Unum Life Insurance Company of America's ("UNUM") termination of Plaintiff Tina Phan's claim for long-term disability ("LTD") benefits under the Quintiles Transnational Corporation Long Term Disability Plan (the "LTD Plan"). Plaintiff was and is disabled under the terms of the LTD Plan and entitled to benefits under the LTD Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

3.  Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

**INTRADISTRICT ASSIGNMENT**

4.  This case should be assigned to the San Jose Division because Plaintiff resides in this Division and the relevant acts and omissions occurred within this division.

**PARTIES**

5.  At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the LTD Plan.

6.  At all relevant times, the "LTD Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Quintiles Transnational Corporation ("Quintiles").  UNUM was and remains the de facto co-plan administrator and co-claims fiduciary of the LTD Plan.

7.  At all relevant times, Plaintiff was employed by Quintiles, and as such was enrolled in the LTD Plan, to wit:  a group long-term disability insurance contract issued by UNUM, Policy Number 116963 (the "LTD Policy").  As the payor of benefits and the claims administrator of the LTD Plan, UNUM operates under a structural conflict of interest as defined by *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

///

///

Case No.: 5:15-cv-5644                    2                    COMPLAINT (ERISA)

# FACTS

8. At all relevant times the LTD Plan offered, among other things, LTD benefits to employees of Quintiles, including Plaintiff, provided that an employee could establish that she was disabled under the terms of the LTD Plan. Under the LTD Plan, the LTD Policy and California law governing the definition of "total disability", UNUM promised, in relevant part, to pay monthly LTD to an insured (after an elimination period) in the event that she became due to injury or sickness unable to perform with reasonable continuity in the usual and customary manner the material and duties of "your regular occupation due to sickness or injury"; and "you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury" After 24 months of payments, an insured is deemed disabled when she is "unable to perform the duties of any gainful occupation [defined as an occupation that exceeds 60% of an insured's monthly predisability earnings] for which you are reasonably fitted by education, training or experience."

9. At all material times prior to becoming disabled, Plaintiff was employed as a Medical Sales Representative for Quintiles. On November 4, 2013, while the LTD Plan and LTD Policy were in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the LTD Plan, the LTD Policy and California law due to various conditions, including but not limited to chronic and severe cervical radiculopathy at C5-6, frozen shoulder with severe and chronic left shoulder pain, and sleep apnea. Plaintiff has been and remains, and will be unable to perform with reasonable continuity in the usual and customary manner, the substantial and material duties of her own occupation as a Medical Sales Representative or any gainful occupation for which she was qualified by education, training or experience as defined by the LTD Policy and California law.

10. Plaintiff timely applied for LTD benefits under the LTD Plan and LTD Policy, and UNUM initially approved her claim and paid LTD benefits. Despite the fact that Plaintiff has been and remains disabled under the terms of the LTD Plan and LTD Policy, on April 9,

2015 UNUM terminated her claim for LTD benefits, claiming she no longer met the definition of disability under the LTD Plan and LTD Policy.

11. Plaintiff timely appealed of UNUM's adverse benefit determination in writing and provided UNUM with additional medical evidence in support of her claim for LTD benefits under the LTD Plan. Despite the additional medical and vocational evidence Plaintiff submitted with her appeal further establishing her continued disability under the terms of the LTD Plan and LTD Policy, UNUM denied Plaintiff's appeal, by letter dated November 18, 2015. Plaintiff has thus exhausted her administrative remedies under the LTD Plan with respect to her claim for LTD benefits.

12. UNUM's actions are contrary to the terms of the LTD Plan, the LTD Policy and California law and have no reliable evidentiary support. UNUM's actions are also contrary to the reports and assessments of all of the doctors who have evaluated and treated Plaintiff. UNUM's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, UNUM's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

13. As a direct and proximate result of the aforementioned acts of UNUM, Plaintiff suffered damages as outlined below.

14. As the result of the actions of UNUM, and each of them, Plaintiff has been improperly denied LTD benefits under the LTD Plan to which she is entitled together with interest thereon.

15. As a further result of the actions of UNUM, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her LTD benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against UNUM]**

16. Plaintiff incorporates Paragraphs 1 through 15 as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

18. At all relevant times, under the terms of the LTD Plan as set forth in the governing plan instruments, Plaintiff became and remains totally disabled and entitled to long-term disability benefits under the LTD Plan and LTD Policy.

19. By terminating Plaintiff's claim for disability benefits, and by related acts and omissions, UNUM has violated, and continues to violate, the terms of the LTD Plan and Plaintiff's rights thereunder. UNUM's refusal to pay Plaintiff continued LTD benefits violates the terms of the LTD Plan, and UNUM's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, UNUM failed and refused to honor the LTD Plan. UNUM is therefore liable for all benefits due under the LTD Plan.

20. As a proximate result of UNUM's actions, Plaintiff has been deprived of his disability benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 13-15. Plaintiff further seeks a declaration as to her entitlement to future disability benefits, as follows: an injunction prohibiting UNUM from terminating or reducing her LTD benefits until the end of the maximum benefit period.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that UNUM violated the terms of the LTD Plan by terminating Plaintiff's claim for disability benefits;

B. Order that UNUM pay Plaintiff's disability benefits owed under the terms of the LTD Plan, through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future disability benefits under the terms of the LTD Plan;

D. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E. Award prejudgment interest on all benefits owed under the terms of the LTD Plan that have accrued prior to the judgment.

F. Provide such other relief as the Court deems equitable and just.

Dated: December 10, 2015

BOLT KEENLEY KIM LLP

By: /s/ Brian H. Kim
Brian H. Kim
Attorneys for Plaintiff